IN THE UNITED STATES District court
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL F. PROCIAK, as Administrator of the ESTATE OF COLLEEN A. SHEA, : <br><br>Plaintiff <br><br>vs. <br><br>JERRY R. SLYTER, PAGE TRANSPORTATION, INC., KEITH TITUS CORPORATION, JOHN PFROMMER, LLC, and PAGE E.T.C., INC., <br><br>Defendants | CIVIL ACTION -- LAW <br><br>JURY TRIAL DEMANDED <br><br>(Judge Caputo) <br><br>FILED <br>SCRANTON <br><br>MAR 2 5 2003 <br><br>PER _____ <br>DEPUTY CLERK <br><br>NO. 3:CV-002-0168 |

## PLAINTIFF'S MOTION TO CALL EMPLOYEES/AGENTS OF THE CORPORATE DEFENDANT ENTITIES AS OF CROSS EXAMINATION

1.  As this Court is well aware the instant matter is a wrongful death and survival action arising out of the fatal collision between the Defendant, Jerry R. Slyter and the decedent, Colleen A. Shea on October 19, 2001.

2.  The Plaintiff, Michael F. Prociak as Administrator of the Estate of Colleen A. Shea has alleged that the above named Defendants were negligent and reckless in causing the death of Colleen A. Shea on October 19, 2001.

3.  The Plaintiff anticipates calling various current and former employees/agents of the Corporate Defendants as of cross examination during the Plaintiff's case in chief.

4.  Pursuant to Fed.R.Evid. 611 "the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to

546740.1

(1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undo embarrassment."

5. Fed.R.Evid. 611(c) also states that "when a party calls a hostile witness, an adverse party, or witness identified with an adverse party, interrogation may be by leading questions."

6. Once a witness has been identified with an adverse party, leading questions are permitted in the examination of that witness. see e.g. United States v. Hicks, 748 F.2d 854, 859 (4th Cir.1984).

7. When a party examines a witness who is hostile, the party may ask leading questions because they are necessary to control the witness. See Rodriguez v. Bonco, 990 F.2d 7, 13 (1st Cir. 1993).

8. In Perkins v. Volkswagen of Am. Inc., 596 F.2d 681 (5th Cir. 1979), the Fifth Circuit found that the employee of a party is clearly identified with the party such that the employee can be examined using leading questions. Id. at 682; see also Stahl v. Sun Micro Systems, Inc., 775 F.Supp. 1397, 1398 (D. Colo. 1991).

9. In addition, in Alpha Display Paging Inc. v. Motorola Co. and Elec., 867 F.2d 1168 (8th Cir. 1989), the Eigth Circuit found that the trial court properly used discretion in allowing the defendant to use leading questions on cross-examination of its employee who the plaintiff had called as a witness identified with an adverse party. Id. at 1171.

10. In <u>Vanemmerik v. The Ground Round Inc.</u>, 1998 WL 474106 (E.D.Pa. 1998), the district court noted that "the normal sense of a person identified with an adverse party has come to mean, in general, an employee, agent, friend, or relative of an adverse party." <u>Id.</u> at *1

11. In <u>United States v. McLaughlin</u>, 1998 W.L. 966014 (E.D.Pa. 1998), the district court noted that "the term witness identified with an adverse party is intended to apply broadly to identification based upon employment by the party or by virtue of a demonstrated connection to an opposing party." <u>Id.</u> at *1.

12. In <u>Trachtenberg v. Centenary College</u>, 1986 WL 15032 (E.D.Pa. 1986), the district court noted that Fed.R.Evid. 611(c) "permits a witness to be questioned as an adverse witness with leading questions where that witness will be identified with an adverse party." <u>Id.</u> at *1.

WHEREFORE, pursuant to Fed.R.Evid. 611(c), the Plaintiff respectfully requests that this Court allow the Plaintiff to call current and former employees/agents of the various Corporate Defendants as of cross examination and examine them using leading questions.

Respectfully submitted,

HOURIGAN, KLUGER & QUINN, P.C.

BY: _____
JOSEPH A. QUINN, ESQUIRE
MICHELLE M. QUINN, ESQUIRE
DAVID A. AIKENS, ESQUIRE
EDWARD J. CIARIMBOLI, ESQUIRE
Attorneys for Plaintiff

546740.1