IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL F. PROCIAK, as
Administrator of the ESTATE OF
COLLEEN A. SHEA,

    Plaintiff,

vs.

JERRY R. SLYTER, PAGE
TRANSPORTATION, INC., KEITH
TITUS CORPORATION, and
JOHN PFROMMER, LLC,

    Defendants.

CIVIL ACTION NO. 3:CV-02-0168

(JUDGE CAPUTO)

FILED
SCRANTON

APR 0 9 2003

PER ____ DEPUTY CLERK

## ORDER

NOW, this 9th day of April, 2003, **IT IS HEREBY ORDERED** as follows:

1. With respect to Plaintiff's Motion to Bifurcate (Doc. 132) and Defendants' Motion to Bifurcate Trial (Doc. 125), this case will be bifurcated with the issues of liability, compensatory damages and reckless indifference being tried prior to a trial, if necessary, on the issue of punitive damages.

2. With respect to Plaintiff's Motion to Sequester Employees/Agents of Corporate Defendant Entities (Doc. 151), subject to F.R.E. 615, the witnesses will be sequestered.

### Defendants' Motions in Limine

1. Defendants' Motion in Limine regarding testimony on the equity interest Colleen Shea might have had in the future (Doc. 120) is **DENIED** without prejudice to Defendants to request instructions as to the subject to which it is

applicable. (Patricia Chilleri and Andrew J. Verzilli).

2. Defendants' Motion in Limine with respect to the voir dire and opening statement (Doc. 122) is **deferred** until the time of trial.

3. Defendants' Motion in Limine to exclude all references and/or evidence pertaining to prior acts (Doc. 123) is **deferred** until the time of trial.

4. Defendants' Motion in Limine objecting to the testimony of John J. Shane, M.D. as to pre-impact fright (Doc. 127) is **denied as moot**, as this issue is not in the case.

5. Defendants' Motion in Limine objecting to the testimony of Wayne K. Ross, M.D. as to pre-impact fright (Doc. 127) is **denied as moot**, as this issue is not in the case.

6. Defendants' Motion in Limine objecting to the testimony of Richard A. Levy, M.D. (Doc. 127) is **denied** without prejudice to argue to the Court that there is no factual predicate for his opinion.

7. Defendants' Motion in Limine objecting to the testimony of Stephen B. Wilcox, Ph.D. (Doc. 127) is **denied**.

8. Defendants' Motion in Limine objecting to the testimony of Walter P. Kilareski, Ph.D. (Doc. 127) is **denied**.

9. Defendants' Motion in Limine objecting to the testimony of Walter Guntharp, Jr. (Doc. 127) is **denied** as to precluding his testimony, but **granted** as to conducting a *Daubert* hearing, which hearing will be held during the course of trial.

10. Defendants' Motion in Limine to preclude any and all testimony of Michael D. Pepe (Doc. 127) is **granted** to the extent that Mr. Pepe is precluded from making reference to reckless indifference, reckless disregard and conscious disregard. In all other respects, the motion is **denied**.

11. Defendants' Motion in Limine to preclude any and all testimony of Arthur L. Atkinson (Doc. 127) is **denied**.

12. Defendants' Motion in Limine to preclude any and all testimony regarding Mr. Slyter's log violation as well as any and all testimony regarding his purported fatigue at the time of the accident (Doc. 127) is **denied**.

13. Defendants' Motion in Limine to preclude any and all testimony relative to the alleged deficiency of the trailer brakes and any and all testimony regarding the replacement of the front steer tire (Doc. 127) is **denied**.

14. Defendants' Motion in Limine to preclude any and all testimony regarding Mr. Slyter's termination from his former employer, Wegman's, (Doc. 127) is **deferred** until the time of trial.

15. Defendants' Motion in Limine to preclude any and all testimony of Father Adonizio (Doc. 127) is **denied**.

16. Defendants' Motion in Limine to preclude deposition testimony of Jerry R. Slyter, Brian Cady, Donna Mahaney, Michael Stile, Edward Van Horn and Terry Delmar (Doc. 136) is **denied** without prejudice to the Defendants to note the lack of employment relationship during the time statements were made and that the statements did not relate to a matter within the scope of employment.

## Plaintiff's Motions in Limine

Several of Plaintiff's Motions in Limine (Doc. 129) are anticipatory, and with respect to same Defendants have agreed as follows:

1. not to raise, by way of cross examination, an incident nine years previous wherein John J. Shane, M.D. misplaced slides;

2. not to present evidence regarding prior motor vehicle accidents in the vicinity of the subject accident;

3. not to make reference to reducing Colleen Shea's loss of future earning capacity to present value or present worth;

4. not to argue the impact of taxes on compensation;

5. not to make reference regarding payment of money to Plaintiff from any other source;

6. not to make reference to the net worth of Defendants during the first phase of trial;

7. not to make reference to Plaintiff's settlement demand;

8. not to make reference to indemnity or contribution;

9. not to make use of or reference to the deposition testimony of Christie Cole on August 14, 2002 regarding the statement of the doctor that upon looking in the car there was nothing he could do;

10. not to make reference to the fact that no criminal charges were filed as a result of the collision;

11. not to make reference to the deposition testimony of Frank Zalocki that the Defendant, Jerry Slyter, climbed out of his trailer after the accident, and that the speed of Colleen Shea's vehicle was 70 - 75 m.p.h.; and,

12. not to present testimony by George Gallacher that the manner in which the grass was torn in the median evidences acceleration.

FURTHER, all parties agree that there shall be no reference during the first phase of the trial to Plaintiff's claim for punitive damages.

**IT IS FURTHER ORDERED** with respect to Plaintiff's Motions in Limine (Doc. 129) as follows:

1. Plaintiff's Motion in Limine to preclude Defendants from suggesting that Plaintiff must establish that Defendants acted intentionally or with evil motive is **granted**.

2. Plaintiff's Motion in Limine that Defendants be precluded from referring to Plaintiff's participation in a mock trial is **granted**.

3. Plaintiff's Motion in Limine that Defendants be precluded from referring to Plaintiff's counsel's advertisements is **granted**.

4. Plaintiff's Motion in Limine to preclude Defendants from referring to Plaintiff's retention of a jury consultant is **granted**.

5. Plaintiff's Motion in Limine to preclude testimony that Colleen Shea was on birth control is **granted**.

6. Plaintiff's Motion in Limine to preclude Jerry Slyter's testimony of his daughter's disability is **denied**.

7. Plaintiff's Motion in Limine to preclude reference to Michael Prociak, Administrator of the Estate of Colleen Shea, as the brother of referring counsel, Joseph Prociak, is **denied**.

8. Plaintiff's Motion in Limine to preclude testimony by any fact witness to the medical opinion that Colleen Shea was conscious is **granted** as to use of the word "conscious". Defendants may present evidence of the facts observed by any witnesses.

9. Plaintiff's Motion in Limine to preclude evidence regarding fees received by Plaintiff's experts from other cases is **deferred** until the time of trial.

10. All other motions in limine of Plaintiff are **deferred** until the time of trial.

A. Richard Caputo
United States District Judge